IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

    Plaintiff,

  v.                                No. CIV 13-1236 KG/WPL

WARDEN BRAVO,
ASSOCIATE WARDEN R. ULIABRRI,
C. CHAVEZ, LT. VIGIL,
LT. RIVERA,
All in their individual and official capacity,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's Motion for Service (Doc. 12) and Motion for Extension of Time (Doc. 17) Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed, and the motions will be denied as moot.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

1

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that staff at the Guadalupe County, New Mexico, Correctional Facility ("GCCF") intercepted a book and a magazine that vendors had mailed to Plaintiff. Plaintiff asserts that he was not given notice or rejection slips when these interceptions occurred. He contends that Defendants' actions amounted to censorship and discrimination and violated his rights under the Due Process Clause. The complaint seeks injunctive relief and damages.

The complaint's only factual allegations are that Defendant C. Chavez improperly intercepted the two publications. The complaint contains no allegations against the other named Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Claims against Defendants other than C. Chavez will be dismissed.

Nor is relief available on Plaintiff's claims for injunctive relief. Before Plaintiff filed his pleading, he was transferred from GCCF to another facility. The effect of the transfer is to render moot Plaintiff's claims for injunctive relief against staff at GCCF, who are not responsible for the

treatment of prisoners at other facilities. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (second bracket in *Cox* opinion). The Court will dismiss Plaintiff's claims for injunctive relief, including those against Defendant C. Chavez in his official capacity.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Bravo, Ulibarri, Bkatka, Vigil, and Rivera are DISMISSED; and Defendants Bravo, Ulibarri, Bkatka, Vigil, and Rivera are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's claims for injunctive relief, including those against Defendant C. Chavez in his official capacity, are DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint, for Defendant C. Chavez; and the Motion for Service and Motion for Extension of Time (Doc. 12, 17) are DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE