IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

       Plaintiff,

v.                                                       CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Plaintiff's motion for leave to amend his complaint. (Doc. 21.) Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's motion to amend will be granted in part and denied in part, and certain of Plaintiff's claims will be dismissed.

      In his first complaint (Doc. 1), Plaintiff brought nine counts against staff at the Guadalupe County Correctional Facility pursuant to 42 U.S.C. § 1983, alleging that written materials that were mailed to him had been intercepted and wrongfully rejected. Plaintiff claims that Defendants' actions amounted to censorship and discrimination and violated his rights under the Due Process Clause. He originally sought both injunctive relief and damages.

      After conducting initial review of Plaintiff's complaint under 28 U.S.C. § 1915, the Court dismissed several of Plaintiff's claims against certain Defendants. (Doc. 18). Because Plaintiff was transferred to another facility prior to bringing this action, the Court dismissed all of his claims for injunctive relief. As for his claims for damages, the Court noted that the only factual allegations appearing in the complaint were that Defendant C. Chavez improperly intercepted

publications, and as such all claims against Defendants other than Chavez were also dismissed. After dismissing the claims for injunctive relief and all Defendants other than Chavez, the Court ordered that the Clerk issue notice and waiver of service forms for Defendant Chavez.

Approximately two weeks later, Plaintiff filed the instant motion to amend his complaint. Plaintiff brings no new claims; rather, he adds facts to his existing claims in an attempt to reinstate these claims for damages against the previously dismissed Defendants. Plaintiff does not seek to reinstate his claims for injunctive relief.

Heard's motion was filed well within twenty-one days after the Court simply directed service, let alone within twenty-one days of service on Chavez. As such, amendment of the complaint at this time would appear to be permissible as a matter of course. *See* FED. R. CIV. P. 15(a)(1)(A). Still, this Court has previously observed that an in forma pauperis complaint may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may dismiss a complaint *sua sponte* for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). Further, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint, the Court will liberally construe the allegations but must apply the same legal standards applicable to pleadings drafted by counsel. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff seeks to reinstate Count I against "Ms. Bkatka" for "interpret[ing] policy" (Doc. 21 at 2) and alleges that Plaintiff "was denied a book [sent] directly from the publisher" (*id.* at 7-8). The Court liberally construes Plaintiff's complaint to state that Defendant Bkatka improperly intercepted the book in question. Plaintiff will be allowed to proceed against Defendant Bkatka with Count I.

Next, Plaintiff attempts to reinstate his first six claims against "Lt. Vigil" and "Lt. K. Rivera" because they each made grievance recommendations to "Warden Bravo," who ultimately denied these grievances. (*See* Doc. 21 at 2-3.) He also claims that "Associate Warden R. Ulibarri" made the final decision on the grievance recommendation with respect to Count 6. (*Id.* at 3.) To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). "Supervisory status alone does not create § 1983 liability." *Id.* (citation omitted). "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by [P]laintiff, does not establish personal participation under § 1983." *Id.* (citations omitted). Because Plaintiff does not allege any personal involvement outside of the grievance process by Defendants Vigil, Rivera, Ulibarri, and Bravo, the claims against these Defendants will be dismissed.

Plaintiff asserts that his claims against Defendant Chavez should remain in place since she "was directly responsible for the initial denial of each count." (Doc. 21 at 2.) The Court has previously allowed Plaintiff to proceed with his claims against Defendant Chavez in his individual capacity and will continue to do so at this time.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. 21) is GRANTED IN PART AND DENIED IN PART;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Bravo, Ulibarri, Vigil, and Rivera are DISMISSED; and Defendants Bravo, Ulibarri, Vigil, and Rivera are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint, for Defendant Bkatka.

_____
UNITED STATES DISTRICT JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

4