IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

        Plaintiff,

v.                                                                            CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Plaintiff's Motion to Reinstate Warden Bravo as a Defendant. (Doc. 45.) Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. As Plaintiff is attempting to add a defendant, the Court construes this as a Rule 15(a) motion to amend the pleadings after a responsive pleading has been served. For reasons set out below, Plaintiff's motion will be denied.

        In his first complaint (Doc. 1), Plaintiff brought nine counts against staff at the Guadalupe County Correctional Facility pursuant to 42 U.S.C. § 1983, alleging that written materials that were mailed to him had been intercepted and wrongfully rejected. Plaintiff claims that Defendants' actions amounted to censorship and discrimination and violated his rights under the Due Process Clause. He originally sought both injunctive relief and damages.

        After conducting an initial review of Plaintiff's complaint under 28 U.S.C. § 1915, the Court dismissed several of Plaintiff's claims against certain Defendants. (Doc. 18). Because Plaintiff was transferred to another facility prior to bringing this action, the Court dismissed all of his claims for injunctive relief. Plaintiff then filed a motion to amend (Doc. 21) that was

granted in part and denied in part (Doc. 27). The Court allowed Plaintiff to amend his complaint and proceed against Defendants Chavez and Bhatka, but reiterated the dismissal of all claims against others, including Warden Bravo. (*Id.*)

Plaintiff seeks to reinstate Warden Bravo as a defendant on all counts. (*See* Doc. 45.) While admitting that Warden Bravo "did not commit the [alleged] violations," Plaintiff argues to reinstate Warden Bravo for two reasons: first, Plaintiff argues that Warden Bravo is responsible for the alleged violations based on his position as prison warden and a supervisor; and second, that listing Warden Bravo as a defendant through discovery would allow Plaintiff to identify "those people who were responsible" for the alleged violations. (Doc. 45.)

After a responsive pleading has been served, a party may amend the pleadings only by leave of the court or with written consent from the adverse party. FED. R. CIV. P. 15(a)(2). "The court should freely give leave to amend the pleadings when justice so requires." *Id.*

In support of his first argument, Plaintiff cites extensively to case law from outside the Tenth Circuit dealing with supervisory responsibility in prison disciplinary proceedings, *Sira v. Morton*, 380 F.3d 57, 80 (2d Cir. 2004); *Wright v. Smith*, 21 F.3d 496, 502 (2d Cir. 1994); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986); *King v. Higgins*, 702 F.2d 18, 21 (1st Cir. 1983); supervisory responsibility in providing prison medical treatment to inmates, *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555-56 n.3 (7th Cir. 1996); *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993); and supervisory responsibility of police officers conducting warrantless search, *Carmona v. Toledo*, 215 F.3d 124, 134-35 (1st Cir. 2000). None of the cited cases applies in this instance, as they all relate to different factual situations and are, at best, persuasive authority from outside the Tenth Circuit.

Plaintiff also cites to *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), for the proposition that a supervisor is liable for the constitutional violations of his subordinates when he has knowledge of and acquiesces to the violations. Plaintiff misreads the authority on this point. In fact, *Iqbal* reiterates that in a § 1983 civil rights action, such as this case, an official "is only liable for his or her own misconduct." *Id.* Plaintiff's first argument for reinstating Warden Bravo as a defendant fails by the Plaintiff's own admission that Warden Bravo did not personally commit any of the alleged violations.

In support of his second argument, Plaintiff cites to no Tenth Circuit case law suggesting that a Warden, who is not personally responsible for the alleged violations, should remain a defendant in a § 1983 action purely for discovery purposes. Warden Bravo has twice been dismissed as a defendant in this case (Doc. 18, 27), and the Plaintiff makes no showing as to why this Court should overturn its prior orders.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reinstate Warden Bravo as a Defendant (Doc. 45) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.