IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

       Plaintiff,

v.                                            CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

       Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 72), the objections and responses thereto (Docs. 77, 79, 87, 89)[1], two motions to amend the pleadings pursuant to Federal Rule of Civil Procedure 15(a) (Docs. 93, 94), and two motions for discovery (Docs. 100, 101). Heard is incarcerated, appears pro se, and is proceeding in forma pauperis.

### THE PFRD

The PFRD recommended denying summary judgment as to Claims 2 through 5, dismissing Claim 6 with prejudice, and dismissing Claims 7 and 8 without prejudice. (Doc. 72.) Heard objects to the recommended dismissal of Claims 7 and 8, while Chavez objects to the recommended denial of summary judgment for Claims 2 through 5.

In reviewing a PFRD, the Court must make de novo determinations of those portions of the PFRD that have been properly objected to. FED. R. CIV. P. 72(b)(3); 28 U.S.C.

---

[1] Heard also filed an "Inquiry about *Martinez* Report" on February 25, 2015. (Doc. 95.) The Court would like to clarify for Heard that the Magistrate Judge did not order a *Martinez* report in the PFRD, but rather recommended that the Court order a *Martinez* report after ruling on Chavez's motions for summary judgment. (*See* Doc. 72 at 17.)

§ 636(b)(1)(C). Issues raised for the first time in objections to the PFRD are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Having conducted a de novo review, I find the objections to be without merit for the following reasons.

   I.   HEARD'S OBJECTIONS

Heard objects to the PFRD's recommendation to dismiss Claims 7 and 8 without prejudice. Heard returns to his argument that his transfer from Guadalupe County Correctional Facility ("GCCF") to Otero County Prison Facility ("OCPF") rendered him without meaningful administrative review because the prison officials had thirty-five working days to respond to a formal grievance, and Heard was transferred during this period. This is the first time Heard has argued that he filed formal grievances, rather than only informal complaints. Heard does not challenge the Magistrate Judge's treatment of his claim with regard to the informal complaints.

Heard's argument—that prison officials failed to respond to a formal complaint and thereby deprived him of meaningful administrative review—constitutes a new issue. Because Heard never raised this issue before the objections, this objection is waived. *Marshall*, 75 F.3d at 1426.

With regard to Claim 7, Heard's remaining objections simply restate his previous contentions: that he was transferred to OCPF during the time for him to file a formal grievance and was unable to effectively communicate with GCCF. As the Magistrate Judge pointed out, this argument is belied by Heard's signature, dated May 28, 2013, on the informal complaint acknowledging that the matter was unresolved. It remains befuddling how the twenty-day time-period after May 28, 2013, during which Heard should have filed his formal grievance, was impacted by Heard's transfer to OCPF on July 24, 2013.

"Unsupported conclusory allegations . . . do not create a genuine issue of fact." *L&M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000). Heard fails to raise a substantive objection to the Magistrate Judge's recommendation that the Court dismiss Claim 7 without prejudice. Heard's objections are therefore overruled, and the Court adopts the Magistrate Judge's recommendation as to Claim 7.

Heard claims that his transfer to OCPF amounted to a denial of administrative remedies with respect to Claim 8. Heard does not dispute the Magistrate Judge's factual findings with regard to Claim 8. Even if GCCF did not respond to Heard's informal complaint in a timely manner, New Mexico Corrections Department ("NMCD") policy CD-150500G(4) granted Heard the ability to move on to the next level of administrative review and file a formal grievance. Heard admits that he did not take this step. (Doc. 31 at 7.) Heard again fails to raise a substantive objection to the Magistrate Judge's findings of fact or conclusions of law. Therefore, Heard's objections to the PFRD with regard to Claim 8 are overruled, and the Magistrate Judge's recommendation is adopted.

## II. CHAVEZ'S OBJECTIONS

Chavez objects to the PFRD's recommendation to deny summary judgment on Claims 2 through 5. As to Claims 2 through 4, Chavez argues that Heard received notice that his mail had been rejected, was provided an opportunity to be heard, and was afforded the minimal procedural safeguards constitutionally required. Therefore, Chavez argues, there is no question of material fact and the Claims are appropriate for disposition on summary judgment. As to Claim 5, Chavez argues that she rejected mail pursuant to unwritten prison policy regulating obscenity, and that the unwritten policy is entitled to deference under *Thornburgh v. Abbott*, 490 U.S. 401 (1989), and *Turner v. Safley*, 482 U.S. 78 (1987).

### A. Claims 2 through 4

Chavez admits that Heard did not receive the required formal rejection slips for the mail. (Doc. 79 at 3.) However, Chavez argues that Heard clearly received notice and had an opportunity to be heard, based on the fact that he exhausted the administrative process. (*Id.*) Therefore, according to Chavez, there is no question of fact sufficient to preclude summary judgment.

Heard makes two contentions in his response: First, Heard claims that he only found out about the publications being rejected upon writing to the publishers several months later. (Doc. 89 at 5.) Second, Heard argues that Chavez impermissibly altered her reasons for rejecting the publications from a "three strikes rule" to a "publication from an unapproved vendor." (Doc. 89 at 2.) A review of Chavez's second Motion for Summary Judgment (Doc. 58) reveals that these reasons are substantively the same. Heard's second argument is without merit.

The Magistrate Judge noted that Chavez's failure to provide a formal rejection slip to Heard does not necessarily establish that Heard's due process rights were violated. (Doc. 72 at 15 (citing *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993); *Atencio v. Bd. of Educ.*, 658 F.2d 774, 779 (10th Cir. 1981)).) Chavez agrees that Heard never received rejection slips, but contends that constitutional safeguards are satisfied because Heard clearly received actual notice of the rejections after writing to the publishers and proceeded through the grievance process. Chavez does not cite any authority for the proposition that notice received after writing to the publishers can satisfy the notice requirement of procedural due process laid out in *Jacklovich v. Simmons*, 392 F.3d 420, 433 (10th Cir. 2004).

Minimum procedural safeguards include the warden having the sole power to reject a publication and the warden advising the inmate promptly in writing of the reasons for the

rejection. *Thornburgh*, 490 U.S. at 413-14. While Chavez is correct that part of procedural due process is the appeals process, with review by an official who was not involved in the original rejection, satisfying the appeals portion does not alleviate the official's obligation to promptly provide the inmate with written notice of the rejection. Allowing a prison official to escape liability on summary judgment because an inmate was able to independently obtain notice would defeat the purpose of procedural due process requirements.

Chavez's objections are without merit and are overruled. Chavez's motion for summary judgment as to Claims 2 through 4 is denied because Chavez is not entitled to judgment as a matter of law. These claims are referred back to the Magistrate Judge for further appropriate orders. Heard is reminded that the Court is not ordering a *Martinez* report. Any such order will be forthcoming from the Magistrate Judge.

### B. Claim 5

Chavez argues that GCCF policy dictates rejecting mail that is "obscene." After receiving the PFRD and submitting written objections, Chavez later submitted a third affidavit from Dominica Garnand, the Assistant Warden of Finance and Administration at GCCF, in support of this contention. (Doc. 83.) Warden Garnand averred that GCCF rejected the Sports Illustrated Swimsuit Edition magazine at issue because "it contained images of individuals partially or totally nude and/or posed in sexually explicit positions." (*Id.* at 1.) She further swore that "GCCF's senior administrative staff understood and approved the routine rejection of incoming obscene material <u>as a matter of policy</u>. (*See also* New Mexico Corrections Department ("NMCD") Policy CD-151201(E)(6)(c) . . .)." (*Id.* at 2 (emphasis in original).)

The Magistrate Judge recommended denying Chavez's motion for summary judgment on this claim because Chavez failed to establish that she was implementing GCCF policy when she

rejected the magazine. (Doc. 72 at 13-14.) Chavez later provided evidence establishing GCCF's policy by submitting Garnand's third affidavit. Heard does not present evidence to rebut Garnand's affidavit.

With sufficient evidence of the regulation in hand, the Court can consider the factors laid out in *Turner* to determine if the regulation reasonably restricts prisoners' fundamental rights. 482 U.S. 78, 84, 87 (1987). To uphold a regulation as reasonable, the court must: 1) determine that the regulation is rationally connected with the legitimate governmental interest used to justify it; 2) evaluate whether alternative means of exercising the burdened right remain available to prisoners; 3) consider the impact an accommodation of the constitutional right will have on guards, other inmates, and prison resources; and 4) determine if there are ready alternatives to the regulation. *Id.* at 89-91.

Chavez and Garnand assert that the obscenity regulation is aimed at protecting the prison environment, including the safety of guards and inmates. (*See* Doc. 83.) Protecting the good order and discipline of a prison is a legitimate governmental interest, *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990), and the Court finds that limiting incoming material on the basis of obscenity, including photos of nude individuals or those individuals posed in a sexually explicit manner, is rationally related to furthering this interest.

Prisoners have a constitutional right to correspond with individuals outside of prison. *See Thornburgh*, 490 U.S. at 413; *Turner*, 482 U.S. at 84. Heard, and other similarly situated prisoners, remain able to correspond with individuals outside of prison. Limiting the incoming material on the basis of obscenity, as noted above, does not so impinge this right that prisoners are unable to exercise their ability to correspond with others. This factor cuts in favor of upholding the regulation. As to the third factor, Garnand presents a compelling argument in her

6

affidavits that allowing sexually explicit material into the prison could endanger inmates and guards. (*See* Doc. 83.) This factor, too, weighs in favor of upholding the regulation. Finally, the Court must consider whether there is a readily available alternative to the regulation. Here, there is not. A blanket prohibition on sexually explicit material, on the basis of obscenity, does not have a readily available alternative, and the absence of such an alternative is evidence of the regulation's reasonableness. *Turner*, 482 U.S. at 90-91.

The Court finds that the obscenity regulation cited by Chavez does not rise to the level of a constitutional violation and is reasonably related to legitimate penological objectives. Based on the additional evidence submitted by Chavez, to which Heard had the opportunity to respond (*see* Doc. 89), the Court rejects the Magistrate Judge's recommendation that summary judgment be denied as to Claim 5. As to Claim 5, summary judgment is hereby granted to Chavez, and the claim is dismissed with prejudice.

### MOTIONS TO AMEND THE PLEADINGS

Heard filed two motions to reinstate Defendants. Heard would like to reinstate Warden Bravo as a defendant to Claims 1 and 6 (Doc. 93) and reinstate P. Bhakta as a defendant to Claim 6 (Doc. 94). In both motions, Heard is attempting to add a defendant. The Court construes these as Rule 15(a) motions to amend the pleadings after a responsive pleading has been served.

After a responsive pleading has been served, a party may amend the pleadings only by leave of the court or with written consent from the adverse party. FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend the pleadings] when justice so requires." *Id.* However, "[a] district court should refuse leave to amend 'only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Wilkerson v. Shinseki*, 606 F.3d

1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)) (alterations omitted).

### I. Reinstate Warden Bravo

Heard seeks, for a third time, to reinstate Warden Bravo as a defendant as to Claims 1 and 6. (Doc. 93.) Heard argues that Warden Bravo was responsible for the alleged constitutional violations because the Warden was responsible for making determinations implemented by the staff at GCCF. Heard bases this third motion to reinstate on a response to a request for admission from Bhakta. That response is not attached to the motion. Heard previously admitted to this Court that Warden Bravo "did not commit the [alleged] violations." (Doc. 45.)

The Court previously dismissed Warden Bravo as a defendant in this case because Heard did not allege personal involvement by Warden Bravo in the claimed constitutional violations. (Docs. 18, 62); *see also Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Heard offers no argument supporting the reinstatement of Warden Bravo as to either Claim and makes no showing as to why this Court should overturn its prior orders.

Heard's Motion to Reinstate Warden Bravo for Counts 1 and 6 is denied based on the futility of this amendment.

### II. Reinstate Bhakta

Heard seeks to "reinstate" Bhakta as a defendant as to Claim 6. (Doc. 94.) Heard asserts that Bhakta dealt with the book in Claim 6 "face to face with [Heard], personally." (Doc. 108 at 4.) Heard does not allege specific acts by Bhakta. As Bhakta points out, she was never named as a defendant as to Claim 6. (*See* Doc. 1 at 1; Doc. 21.)

Heard's motion fails to allege actions by Bhakta that violated the Constitution. *See Dodds*, 614 F.3d at 1198. Without this factual basis, allowing Heard's amendment to list Bhakta as a defendant to Claim 6 would be futile. Additionally, Heard has already amended his complaint and has had ample opportunity to lay a factual basis supporting this claim against Bhakta. In the approximately eighteen months since this case was filed, this is the first time that Heard has attempted to list Bhakta as a defendant to Claim 6. (*See* Docs. 1, 21.) Heard previously amended his complaint and failed to list Bhakta as a defendant to Claim 6 at that time. (Doc. 21.) Even if the eighteen-month delay between filing the complaint and submitting this motion to amend does not constitute undue delay, Heard failed to cure deficiencies by amendments previously allowed, and the amendment as proposed would be futile. *See Duncan*, 397 F.3d at 1315.

However, in "Plaintiff's Reply to Defendant P. Bhakta's Answer to Plaintiff's Prisoners (sic) Civil Rights Complaint" (Doc. 91), Heard does lay a factual basis for listing Bhakta as a defendant as to Claim 6. Heard alleges that Bhakta, the GCCF property manager at all relevant times, handled the book; that Bhakta spoke to Heard about the book and told Heard that he could not have it; and that another inmate was allowed to have the same book. (*Id.* at 7-10.) Noting that Heard has previously failed to amend his pleadings to include Bhakta as a defendant as to Claim 6, and that the Court should "freely give leave" to amend the pleadings, FED. R. CIV. P. 15(a), the Court concludes that Heard has laid a sufficient basis to instate Bhakta as a defendant as to Claim 6.

Heard's Motion to Reinstate 2nd Defendant P. Bhakta to Count 6 (Doc. 94) is granted. Bhakta is hereby ordered to file an answer or other responsive pleading to this Claim within

fourteen days of the filing of this Order. Heard is cautioned that malicious, frivolous, or abusive filings or discovery requests will not be tolerated in this case.

## MOTIONS FOR DISCOVERY

Heard filed two motions for discovery. The first, "Motion for Oral Depositions," states that Heard needs to depose Defendants Bhakta and Chavez in order to move the case forward. (Doc. 100.) The second, "Motion to Get Statements from 4 Inmates," seeks leave to contact other inmates for what appears to be a written deposition. (Doc. 101.) The defendants oppose both motions. (Docs. 103, 104.)

Both motions are denied at this time. The Court does not need additional information to dispose of the remaining dispositive motions. Additionally, the Magistrate Judge will order a *Martinez* report or other appropriate discovery device, within his discretion, based on the institution of Bhakta as a defendant as to Claim 6. After the dispositive motions have been resolved, Heard may again bring the issue of appropriate discovery to the Court's attention.

## CONCLUSION

Neither party objected to the PFRD's recommendation that Claim 6, against Chavez, be dismissed with prejudice. Additionally, neither party objected to the PFRD's recommendation that the Court deny as moot Chavez's Motion to Stay Discovery (Doc. 60), Heard's Motion for an Extension of Time (Doc. 59), Heard's Second Motion for an Extension of Time (Doc. 69), and deny Heard's Motion to Compel (Docs. 41-43). Therefore, these recommendations are adopted by the Court.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 72) are adopted by the Court except as otherwise stated in this Order;

2) Chavez's Motion for Summary Judgment (Doc. 29) is GRANTED, and Claims 7 and 8 are dismissed without prejudice;

3) Chavez's Second Partial Motion for Summary Judgment (Doc. 58) is GRANTED IN PART and DENIED IN PART, and Claims 5 and 6 are dismissed with prejudice;

4) Heard's Motion to Reinstate 2nd Defendant P. Bhakta to Count 6 (Doc. 94) is GRANTED;

5) Bhakta is ORDERED to answer as to Claim 6 within fourteen days of the entry of this Order;

6) Heard's Motion to Reinstate Warden Bravo for Counts 1 and 6 (Doc. 93) is DENIED;

7) Heard's Motion for Oral Depositions (Doc. 100) is DENIED;

8) Heard's Motion to Get Statements from 4 Inmates (Doc. 101) is DENIED;

9) Chavez's Motion to Stay Discovery (Doc. 60) is denied as MOOT;

10) Heard's Motion for an Extension of Time (Doc. 59) is denied as MOOT;

11) Heard's Second Motion for an Extension of Time (Doc. 69) is denied as MOOT; and

12) Heard's Motion to Compel (Docs. 41-43) is DENIED.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE