IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

      Plaintiff,

v.                                                 CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On June 17, 2015, Plaintiff John Heard filed his fourth motion for leave to amend the complaint. (Doc. 109.) On July 6, 2015, Heard filed a Motion for Clarification and Reconsideration of Count 5. (Doc. 113.) Heard is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Heard's motion to amend and motion for reconsideration are denied.

The history of this case has been detailed in other orders and will not be repeated here. Relevantly, this Court entered its Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition on June 19, 2015. (Doc. 110.) At that time, the Court denied Chavez's motions for summary judgment on Claims 2 through 4, dismissed Claim 5 with prejudice, dismissed Claim 6 against Defendant Chavez with prejudice and granted leave to add Defendant Bhakta, and dismissed Claims 7 and 8 without prejudice. (*Id.*)

### MOTION TO AMEND

In his latest motion to amend the pleadings, Heard seeks to add: "equal protection . . . in a class of one" claims as to Claims 1, 6, and 7; a Fourteenth Amendment due process claim for

failure to provide notice of the mail rejection with regard to Claim 8; the GEO Corporation as a defendants for Claims 2, 3, and 4; P. Bhakta as a defendant for Claims 5 and 6; and apparently a new Claim 9, charging that Defendants Chavez and Bhakta conspired to deprive Plaintiff of his First amendment rights. (Doc. 109.) The Defendants oppose this motion. (Doc. 111.)

After a responsive pleading has been served, a party may amend the pleadings only by leave of the court or with written consent from the adverse party. FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend the pleadings] when justice so requires." *Id.* However, "[a] district court should refuse leave to amend 'only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)) (alterations omitted). Additionally, a district court may "properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target . . . ." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted).

Undue delay alone, absent a showing of prejudice, is a sufficient ground for denial of a motion to amend by the trial court. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) (citations omitted). "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). The Tenth Circuit has found that a delay of seven months after the deadline to file amended pleadings, *see Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 220 (10th Cir. 2009)

(unpublished), and one year after the initial pleading was filed constituted undue delay, *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998).

In considering whether the motion is untimely, the court should also consider whether the movant can provide an adequate explanation for the delay. *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995); *see also McKnight*, 149 F.3d at 1130 (denying a motion to amend where the "plaintiff was aware of all the information on which the proposed amended complaint was based prior to filing the original complaint," but he still had "offered no explanation for the undue delay"); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Plaintiff filed this case on December 27, 2013. (Doc. 1.) Plaintiff previously filed motions to amend in this case on May 12, 2014 (Doc. 21), February 13, 2015 (Doc. 93), and February 17, 2015 (Doc. 94). The Court granted in part and denied in part leave for Plaintiff to amend his complaint on June 24, 2014 (Doc. 27) and on June 19, 2015 (Doc. 110). The instant motion to amend was filed on June 17, 2015, almost eighteen months after the initial complaint. Plaintiff affirmatively admits that his proposed amendments "deal[] with the same set of facts" as the original complaint. (Doc. 109 at 2.) Plaintiff further states that his proposed amendments "deal[] with the events that [occurred] before the original complaint was filed." (*Id.*)

In accordance with other cases in this circuit, the Court finds that the nearly eighteen months between the filing of the original complaint and this latest motion to amend constitutes undue delay. *See McKnight*, 149 F.3d at 1130. Furthermore, Plaintiff does not provide any explanation for the delay. Plaintiff's writings indicate that he was aware, or should reasonably have been aware, of the information underlying his proposed amendment at the time he filed the complaint. The Defendants suggest, and the Court agrees, that Plaintiff is attempting to use Rule

15 to amend the pleadings to make the complaint a "moving target." *See Minter*, 451 F.3d at 1206. The Court finds that the proposed amendment is untimely by reason of undue delay.

Plaintiff's request to add Defendant Bhakta as a defendant as to Claim 6 was previously granted (*see* Doc. 110), and is therefore denied as moot. The remainder of Plaintiff's motion to amend is denied on the basis of undue delay.

### MOTION FOR CLARIFICATION AND RECONSIDERATION

Plaintiff filed a Motion for Clarification and Reconsideration of Count 5 on July 6, 2015. (Doc. 113.) Plaintiff requests this Court to definitely determine whether every volume of the Sports Illustrated Swimsuit Edition is, under a legal definition, "obscene." The Court declines this invitation.

As the magistrate judge explained in the Proposed Findings and Recommended Disposition, prisoners have a qualified right to correspond with individuals outside of prison. (Doc. 72 (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)).) This right is limited by concerns for prison safety and security, *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990), and prison officials enjoy great latitude with regard to regulating incoming mail, *see Turner*, 482 U.S. at 84-85. So long as the prison regulation is "'reasonably related' to legitimate penological objectives," it is constitutionally permissible for the prison regulation to burden a prisoner's fundamental rights. *Id.* at 87.

The Court applied the four *Turner* factors, which are used when assessing the reasonableness of a prison regulation that restricts the fundamental rights of prisoners, in its Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition. (Doc. 110.) The Court found that the obscenity regulation at issue in this case does not rise to the level of a constitutional violation and is reasonably related to legitimate penological objectives. (*Id.*)

Plaintiff now requests "clarification and reconsideration" of that order. Plaintiff appears to argue that the Tenth Circuit specifically held that prisoners have a First Amendment right to the publication at issue, based on *Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011). In *Jordan*, the Tenth Circuit addressed a federal inmate's challenge to a federal statute prohibiting the use of federal funds to distribute or make available to federal prisoners any commercially published information or material that was sexually explicit or featured nudity. *Id.* at 1016-18. The Bureau of Prisons drafted a narrowly tailored implementing regulation. *Id.* The *Jordan* Court held that the challenge was moot because the inmate had been transferred to another facility, and therefore did not consider the constitutionality of the statute as applied through the implementing regulation. *Id.* at 1018. Contrary to Plaintiff's assertion, the *Jordan* Court did not "uphold[] the [First] Amendment right to receive [the Sports Illustrated Swimsuit Edition]." (Doc. 113 at 3.)

As discussed in previous orders of this Court, prison officials have great latitude to regulate incoming mail and the operative question is "whether a prison regulation that burdens fundamental rights is 'reasonably related' to legitimate penological objectives, or whether it represents an 'exaggerated response' to those concerns." *Turner*, 482 U.S. at 87. Plaintiff's request for reconsideration is denied.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. 109) is DENIED on the basis of mootness and undue delay; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Clarification and Reconsideration of Count 5 (Doc. 113) is DENIED.

_____
UNITED STATES DISTRICT JUDGE