IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

        Plaintiff,

v.                                                CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On February 18, 2016, Plaintiff John Heard filed yet another motion for leave to amend the complaint. (Doc. 149.) Heard is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Heard's motion to amend is denied.

The history of this case has been detailed in other orders and will not be repeated here.

In his latest motion to amend the pleadings, Heard seeks to add Ms. M. Salas as a defendant for Claim 6. Despite the fact that this case began in December 2013—more than two years ago—this is the first time that Heard mentioned an M. Salas.

After a responsive pleading has been served, a party may amend the pleadings only by leave of the court or with written consent from the adverse party. FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend the pleadings] when justice so requires." *Id.* However, "[a] district court should refuse leave to amend 'only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of*

*Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)) (alterations omitted). Additionally, a district court may "properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target . . . ." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted).

Undue delay alone, absent a showing of prejudice, is a sufficient ground for denial of a motion to amend by the trial court. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) (citations omitted). "The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'" *Minter*, 451 F.3d at 1205 (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). The Tenth Circuit has found that a delay of seven months after the deadline to file amended pleadings, *see Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 220 (10th Cir. 2009) (unpublished), and one year after the initial pleading was filed constituted undue delay, *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998).

In considering whether the motion is untimely, the court should also consider whether the movant can provide an adequate explanation for the delay. *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995); *see also McKnight*, 149 F.3d at 1130 (denying a motion to amend where the "plaintiff was aware of all the information on which the proposed amended complaint was based prior to filing the original complaint," but he still had "offered no explanation for the undue delay"); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Plaintiff filed this case on December 27, 2013. (Doc. 1.) Plaintiff previously filed motions to amend in this case on May 12, 2014 (Doc. 21), February 13, 2015 (Doc. 93),

February 17, 2015 (Doc. 94), and June 17, 2015 (Doc. 109). The Court granted in part and denied in part leave for Plaintiff to amend his complaint on June 24, 2014 (Doc. 27) and on June 19, 2015 (Doc. 110). The Court denied another one of Heard's motions to amend on August 24, 2015, on the basis of undue delay. (Doc. 116.)

In accordance with other cases in this circuit, the Court finds that the more than two years that elapsed between the filing of the original complaint and this latest motion to amend constitutes undue delay. *See McKnight*, 149 F.3d at 1130. Furthermore, Plaintiff does not provide any explanation for the delay. Plaintiff's writings indicate that he was aware, or should reasonably have been aware, of the information underlying his proposed amendment at the time he filed the complaint. Based on the sheer volume of motions to amend, the Court finds that Heard is attempting to use Rule 15 to amend the pleadings to make the complaint a "moving target." *See Minter*, 451 F.3d at 1206. The Court finds that the proposed amendment is untimely by reason of undue delay.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. 1409) is DENIED on the basis of undue delay.

.

_____
UNITED STATES DISTRICT JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.