**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOHN HEARD,

        Plaintiff,

v.                                          CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

        Defendants.

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on the Magistrate Judge's Second Proposed Findings and Recommended Disposition ("Second PFRD") (Doc. 135) and the objections and responses thereto (Docs. 138, 139, 144, 148). Heard is incarcerated, appears pro se, and is proceeding in forma pauperis.

## THE SECOND PFRD

The Second PFRD recommended denying Bhakta's partial motion for summary judgment on Claim 1 (Doc. 98), granting Heard's partial motion for summary judgment on Claim 1 (Doc. 120), and granting-in-part and denying-in-part Bhakta's partial motion for summary judgment on Claim 6. (Doc. 117). Heard objects to granting summary judgment with regard to the First Amendment claim in Claim 6, while Bhakta objects to the recommended denial of summary judgment for Claim 1 and the Equal Protection claim in Claim 6, and to the recommendation that the Court grant Heard's motion for summary judgment on Claim 1.

In reviewing the Second PFRD, the Court must make de novo determinations of those portions of the PFRD that have been properly objected to. FED. R. CIV. P. 72(b)(3); 28 U.S.C.

§ 636(b)(1)(C). Issues raised for the first time in objections to the PFRD are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Having conducted a de novo review, the Court adopts-in-part and rejects-in-part the Second PFRD.

## I.   HEARD'S OBJECTIONS

Heard objects to the Second PFRD's recommendation to grant Bhakta's motion for summary judgment with regard to his First Amendment claim in Claim 6. Heard asks this Court to reconsider its ruling as to Claim 5, which challenged the same regulation at issue here—New Mexico Corrections Department ("NMCD") Policy CD-151201(E)(6)(c)—that requires staff at the Guadalupe County Correctional Facility ("GCCF") to reject mail that is obscene. The Court previously upheld the regulation as constitutional and granted another Defendant, C. Chavez, summary judgment on Claim 5. (*See* Doc. 110 at 6-7.) Heard argues that the Tenth Circuit expressly found the Sports Illustrated Swimsuit Edition to be protected speech under the First Amendment and that Bhakta's censorship of such a publication violates his First Amendment rights. Finally, Heard contends that his First Amendment rights have been violated based on his Equal Protection claim.

To the extent that Heard attempts to argue Equal Protection as it relates to the First Amendment, he is reminded that these are separate, and not necessarily coextensive, claims. The Second PFRD did not recommend that the Court dismiss Heard's Equal Protection claim. As such, Heard's argument that another inmate was allowed to possess the censored material does not bear on Heard's First Amendment claim. Heard's objection on this point is without merit.

Heard cites *Jordan v. Sosa*, 654 F.3d 1012, 1017 (10th Cir. 2011), for the proposition that the Tenth Circuit held that a magazine's swimsuit edition is protected speech to which inmates

have a First Amendment right of access. Heard misapprehends *Jordan*. In *Jordan*, the Tenth Circuit noted that the Federal Bureau of Prisons—an agency whose regulations and policy interpretations are inapposite and inapplicable in a case involving state correctional regulations—explained that it "may distribute certain periodicals to prisoners—such as National Geographic, sports-magazine swimsuit issues, or lingerie catalogues—because they contain nudity without featuring nudity." *Id.* The Bureau of Prisons crafted regulations responsive to the Ensign Amendment, 28 U.S.C. § 530C(b)(6)(D), and specifically defined the term "feature." *Jordan*, 654 F.3d at 1016-17. The Tenth Circuit did not determine, categorically, that prisoners have a First Amendment right to receive the swimsuit edition of various periodicals.

Heard continues to misunderstand his rights as an incarcerated person. While incarcerated, Heard continues to enjoy certain constitutional rights, including First Amendment rights. However, as has been previously explained to Heard, incarcerated persons enjoy qualified and limited constitutional rights. *See Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990). Despite Heard's continued argument that the Sports Illustrated Explorers Edition book does not meet the legal definition of obscenity, this is not required. *See Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1155-56 (10th Cir. 2007) ("*Turner* sets forth the law determining the constitutionality of a prison regulation" and a "jail's ban on inmate access to 'sexually explicit material' . . . is expressly aimed at advancing jail security and . . . also protects the safety of jail personnel and other inmates."). Heard's objections to the Second PFRD with regard to the First Amendment claim in Claim 6 are overruled, and the Magistrate Judge's recommendation is adopted.

## II.   BHAKTA'S OBJECTIONS

Bhakta objects to the Second PFRD's recommendation to deny her motion for summary judgment on Claim 1 and the Equal Protection claim in Claim 6, and to grant Heard's motion for summary judgment on Claim 1. As to Claim 1, Bhakta argues that the Magistrate Judge failed to construe NMCD policies in the proper context. Therefore, Bhakta argues, the Court should reject the Second PFRD's recommendation and instead grant her motion for summary judgment with respect to Claim 1. As to the Equal Protection claim in Claim 6, Bhakta argues that Heard failed to establish both prongs of the Equal Protection analysis and offers only his bare allegations as evidence. Therefore, Bhakta requests that this Court reject the Second PFRD's recommendation and instead grant her motion for summary judgment with regard to the Equal Protection claim.

### A.  Claim 1

Bhakta persists in her argument that NMCD regulations clearly require inmates to order personal property, including books, only through "approved vendors." (*See* Doc. 139 at 3-9.) Bhakta argues that, although NMCD Policy CD-151201(J) speaks to acquiring books from "the publisher or vendor," and NMCD Policy CD-150201 requires inmates to acquire personal property "through institution canteens and approved vendors," that CD-150201 includes "publishers" within the meaning of "approved vendors." (*See* Doc. 139 at 4.)

The Magistrate Judge concluded that, to give meaning to the regulations, a publisher is separate from a vendor. Logically, this makes sense: a vendor of books is an entity like Barnes & Noble, whereas a publisher is an entity like Penguin Random House. Notably, CD-151201 was reviewed and revised approximately five months after CD-150201 was reviewed and revised, rendering CD-151201 the more recent—and therefore the more persuasive and controlling—policy.

Bhakta argues that the Second PFRD's proposed conclusion implies either that a vendor cannot sell books, or that an inmate can acquire a book from a publisher without going through the approved vendor process. Bhakta's first contention here is nonsensical. A vendor is a seller, and a seller can sell a book that it did not publish. Her second point, that an inmate can acquire a book from a publisher not on the approved vendor list, is indeed consistent with the Second PFRD's proposed conclusion and a plain reading of the regulations.

In her argument, Bhakta concedes the point: "CD-151201(J) clearly contemplates that inmates may order books from 'vendors' just the same as from 'publishers.'" (Doc. 139 at 6.) The Court agrees. The two terms have separate meanings. Bhakta cannot now change GCCF's regulations to escape the simple fact that she rejected a book on an unreasonable basis, in violation of Heard's First Amendment right.

Bhakta's objections are overruled and the recommendation of the Second PFRD is adopted.

Damages are available for violations of 42 U.S.C. § 1983, including in the prisoner context, "to compensate persons for injuries caused by the deprivation of constitutional rights." *Makin v. Colo. Dep't of Corrs.*, 183, F.3d 1205, 1214 (10th Cir. 1999) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)). However, damages must be based on actual injuries and "the abstract value of a constitutional right may not form the basis § 1983 damages." *Id.* (quoting *Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986)). Based on Heard's filing, the Court's knowledge of the standard market price for hardback books, and the fact that Heard probably suffered some mental or emotional distress as a result of Bhakta's actions, this Court hereby awards Heard damages in the amount of $75.00.

**B.  Claim 6**

Bhakta argues that Heard failed to establish, and the Second PFRD failed to address, both prongs of an Equal Protection claim alleging discrimination in a class of one.

To succeed on a claim of discrimination in a class of one, the plaintiff must show that he, individually, was "intentionally treated differently from others similarly situated." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). That is, the plaintiff must show 1) that the discrimination was intentional, and 2) that he was treated differently than other "similarly situated" individuals. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1219-20 (10th Cir. 2011). To prove intent, the plaintiff need not show malice, but must establish that the person acted against the plaintiff "*because of* [the plaintiff's] identity." *SECSYS, LLC v. Vigil*, 666 F.3d 678, 689-90 (emphasis in original). The plaintiff may show intentional discrimination through circumstantial evidence. *Id.* at 689. Upon showing that he was treated differently from other similarly situated individuals and that the person acted against the plaintiff on the basis of his identity, the plaintiff must then prove that there was no "rational basis" for the discrimination. *Village of Willowbrook*, 528 U.S. at 564-65.

As noted above, the book at issue in Claim 6 is the Sports Illustrated Explorers Edition. While there may be outstanding issues of material fact on the first prong of a discrimination in a class of one claim, the Court agrees with Bhakta that Heard could not prove that there was no "rational basis" for the discrimination. As determined above, Bhakta properly rejected the book pursuant to GCCF's obscenity policy, which is not constitutionally objectionable.

Bhakta's objection is well taken. The recommendation of the Second PFRD is rejected and summary judgment is entered in Bhakta's favor with regard to the Equal Protection claim in Claim 6.

**CONCLUSION**

For the reasons explained above, the Second PFRD is adopted-in-part and rejected-in-part.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Second Proposed Findings and Recommended Disposition (Doc. 135) are adopted by the Court except as otherwise stated in this Order;

2) Bhakta's partial motion for summary judgment on Claim 1 (Doc. 98) is DENIED;

3) Heard's partial motion for summary judgment on Claim 1(Doc. 120) is GRANTED;

4) Heard is entitled to damages in the amount of $75.00 for Claim 1; and

5) Bhakta's partial motion for summary judgment on Claim 6 (Doc. 117) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE