IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

      Plaintiff,

v.                                                                   CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

      Defendants.

## THIRD PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I previously summarized the background of this case in my Proposed Findings and Recommended Disposition on November 19, 2014. (Doc. 72.) This third Proposed Findings and Recommended Disposition ("Third PFRD") addresses the remaining claims against Defendant C. Chavez. Chavez was, at all relevant times, the mailroom supervisor at Guadalupe County Correctional Facility ("GCCF"), where Heard was incarcerated. Chavez remains a defendant for claims 2, 3, and 4.

Chavez filed a *Martinez* report and a request to consider the report a motion for summary judgment. (Doc. 145.) Heard proceeds pro se. Claims 2, 3, and 4 all allege due process violations relating to Chavez's rejection of magazine-type publications without notifying Heard of their rejection. Having considered the filings and the relevant law, and being otherwise fully advised on these matters, I recommend that the Court grant Chavez's motion for summary judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a). The moving party bears the initial burden of "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). Once the moving party has met this burden, the nonmoving party must identify specific facts that show the existence of a genuine issue of material fact requiring trial on the merits. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The nonmovant must identify these facts by reference to "affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.* A mere "scintilla" of evidence is insufficient to successfully oppose a motion for summary judgment. *Id.* at 252. The record and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmovant. *See Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

In a case such as this, where the burden of persuasion at trial would be on the nonmovant, the movant can meet Rule 56's burden of production by either (1) providing affirmative evidence negating an essential element of the nonmovant's claim or (2) showing the Court that the nonmovant's evidence is insufficient to demonstrate an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 331 (citations omitted). Evidence provided by either the movant or the nonmovant need not be submitted "in a form that would be admissible at trial." *Id.* at 324. Rather, the content of the evidence presented must be capable of being presented in an admissible form at trial. *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). For example, parties may submit affidavits to support or oppose a motion for summary judgment, even though

the affidavits constitute hearsay, provided that the information can be presented in another, admissible form at trial, such as live testimony. *See* FED. R. CIV. P. 56(c)(4); *Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010); *Trevizo*, 455 F.3d at 1160.

A bona fide factual dispute exists even when a pro se plaintiff's factual allegations that are in conflict with the defendant's affidavits are less specific or well-documented than the contentions of the defendant. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Conclusory and self-serving allegations without facts that would be admissible in evidence do not create a material factual dispute that would preclude summary judgment. *Id.* at 1111; *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1321 (10th Cir. 2010) (quoting *L&M Enter., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)) ("Unsupported conclusory allegations . . . do not create a genuine issue of fact."); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) (citations and internal quotation marks omitted) ("We have long held that conclusory allegations without specific supporting facts have no probative value.").

Because Heard is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall*, 935 F.2d at 1110). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

**DISCUSSION**

Preliminarily, the parties agree that Heard properly alleged Chavez's personal involvement and appropriately exhausted his administrative remedies with respect to claims 2, 3, and 4. Additionally, the facts are undisputed: Heard ordered several magazines. The magazines arrived at GCCF. Chavez rejected the mail. Chavez did not inform Heard of the rejections. Heard found out about the rejections from the publishers of the magazines. Heard pursued all available administrative remedies.

Chavez argues that there has been no denial of due process because Heard fully availed himself of the available administrative remedies, even though Chavez admits that he never received notification from Chavez or other GCCF officials that his mail had been rejected. Heard disagrees, and contends that due process requires notification from the facility.

"To set forth an actionable procedural due process claim, a plaintiff must demonstrate: (1) the deprivation of a liberty or property interest and (2) that no due process of law was afforded." *Stears v. Sheridan Cty. Mem'l Hosp. Bd. of Trs.*, 491 F.3d 1160, 1162 (10th Cir. 2007) (citing *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998)). If a plaintiff fails to establish either prong, his claim must fail.

The fact of incarceration does not wholly strip an individual of his or her constitutional rights. Inmates have a right to procedural due process when publications are rejected: that is, restricting access to protected communications requires "minimal procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 417-19 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989); *see also Jacklovich v. Simmons*, 392 F.3d 420, 433 (10th Cir. 2004) (noting that other circuits have held that inmates and publishers have a qualified right to procedural due process when mail is rejected). Procedural safeguards include the warden

having the sole power to reject a publication, the warden advising the inmate promptly in writing of the reasons for the rejection, the warden providing the publisher or sender with a copy of the rejection letter, and the warden including in the rejection letter a reference to the specific articles or materials considered objectionable. *Thornburgh*, 490 U.S. at 406. Procedural safeguards must also include an appeals process, with review by an official who was not involved in the original rejection. *Id.*; *Procunier*, 416 U.S. at 418-19; *Jacklovich*, 392 F.3d at 433. However, "state and federal courts have frequently decided, in cases where a plaintiff received actual notice, that the Due Process Clause was not offended, even though the defendant had failed to fulfill all technical notice requirements imposed by statute or rule." *Oneida Indian Nation of New York v. Madison Cty.*, 665 F.3d 408, 429 (2d Cir. 2011).

Chavez cites *Skibo v. Rhodes*, 2012 WL 1574584 (W.D. Okla. Apr. 3, 2012) (unpublished) *report and recommendation adopted*, 2012 WL 1592763 (W.D. Okla. May 3, 2012) (unpublished), for the proposition that actual notice and the opportunity to be heard negates any injury flowing from the due process violation of failure to notify. *Id.* at *4 (citing *Oneida Indian Nation of New York v. Madison Cty.*, 665 F.3d 408, 429 (2d Cir. 2011); *Knight v. Lombardi*, 952 F.2d 177 (8th Cir. 1991)).

In *Skibo*, the plaintiff was incarcerated at a state facility. Prison officials intercepted a letter addressed to the plaintiff and did not notify plaintiff of the interception. Plaintiff inquired about the letter and was informed by prison officials of the interception less than a week after the letter was intercepted. *Id.* Plaintiff then exercised his opportunity to object to an officer and pursue his administrative remedies. *Id.* The *Skibo* court held that actual notice coupled with an opportunity to object meant that minimum procedural safeguards were satisfied. *Id.* at 5.

Similarly in *Knight v. Lombardi*, an incarcerated plaintiff alleged that his procedural due process rights were violated when defendants wrongfully withheld personal letters from him. 952 F.2d at 178. The plaintiff received actual notice of the withholding when he complained in writing to prison officials; the plaintiff then failed to avail himself of the available administrative process. *Id.* at 179. The *Knight* court held that while "the failure to promptly notify [plaintiff] of the [withholdings] was arguably a procedural due process violation, there is no allegation or evidence of injury flowing from that alleged violation." *Id.*

Chavez also cites to *Lena v. DuBois*, 19 F.3d 1427 (1st Cir. 1994) (unpublished table decision), for the proposition that minimum procedural safeguards are satisfied when a plaintiff receives actual notice and is able to pursue appropriate remedies. In *Lena*, plaintiff was incarcerated at a state prison and ordered a book to be paid for later, in violation of the prison's regulations. *Id.* at *1. Prison officials rejected the book and did not provide prompt, written notice of the rejection, as required by prison regulations. *Id.* "Plaintiff was eventually . . . notified and was able to pursue an appropriate appeal to the superintendent," and therefore received all the required process. *Id.*

The key difference between this case and *Skibo*, *Knight*, and *Lena* is how the inmate was notified. In the cases cited by Chavez, the plaintiff was eventually notified by prison officials after making some kind of inquiry. In this case, Heard was notified by a third party. Even though GCCF regulations required Chavez to notify Heard in writing of the rejections, a failure to adhere to state and local procedural requirements or administrative regulations does not necessarily result in a constitutional violation. *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993); *Atencio v. Bd. of Educ.*, 658 F.2d 774, 779 (10th Cir. 1981).

While I find that it was a due process violation for prison officials not to notify Heard of the rejections, it cannot be said that Heard was denied "due process of law." *Stears*, 491 F.3d at 1162. Because Heard cannot establish that he was denied due process of law, his procedural due process claims must fail. Accordingly, I recommend that the Court grant Chavez's motion for summary judgment on the remaining claims against her: claims 2, 3, and 4.

## CONCLUSION

I conclude that Chavez violated the due process clause by failing to provide Heard written notice of his rejected mail. However, Heard was not denied due process of law and can therefore not satisfy his burden of proving a procedural due process violation.

Therefore, I recommend that the Court GRANT Chavez's Motion for Summary Judgment (Doc. 145) and enter judgment in her favor on claims 2, 3, and 4.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.