IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

      Plaintiff,

v.                                                      CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

      Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S THIRD
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on the Magistrate Judge's Third Proposed Findings and Recommended Disposition ("Third PFRD") (Doc. 159) and the objections and responses thereto (Docs. 160, 161, 162). Heard filed an unauthorized reply to the objections, but Defendant Chavez did not move to strike the unauthorized reply. Because Heard is incarcerated, appears pro se, and is proceeding in forma pauperis, the Court has considered the unauthorized reply. Having considered the briefing, the record, and the relevant law, the Court adopts the Third PFRD and grants Chavez's motion for summary judgment on Claims 2, 3, and 4—the only claims remaining against her.

### THE THIRD PFRD

The Third PFRD recommended granting Chavez's motion for summary judgment on Claims 2, 3, and 4 (Doc. 145). Heard objects to the PFRD, arguing that three undisputed facts require judgment in his favor, namely: 1) that Chavez failed to notify Heard of rejected mail, 2) that Heard received actual notice from a third party, and 3) that Heard subsequently exhausted all of his administrative remedies.

In reviewing the Third PFRD, the Court must make de novo determinations of those portions of the PFRD that have been properly objected to. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Issues raised for the first time in objections to the PFRD are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Having conducted a de novo review, the Court adopts the Third PFRD.

## DISCUSSION

Heard objects to the Third PFRD's recommendation to grant Chavez's motion for summary judgment on the remaining due process claims because, as the parties agree, Chavez failed to notify Heard of his rejected mail, despite a New Mexico Corrections Department ("NMCD") policy requiring prison officials to notify an inmate any time his or her mail is rejected. *See* NMCD Policy CD-151201(E)(3) ("When any mail is rejected, the inmate and the correspondent will be notified in writing on the **Mail Rejection** form (*CD-151201.1*) with the reason for the rejection indicated and copies of the mail rejection form will be placed distributed [sic] as indicated at the bottom of the form.")

Heard's sole objection to the Third PFRD's recommendation is that Chavez failed to comply with this policy, failed to notify Heard of the rejected mail, and thereby denied Heard due process of law.

As explained in the Third PFRD, a plaintiff making a due process claim must show not only that he was deprived of a liberty or property interest, but also that he was afforded no due process of law. *Stears v. Sheridan Cty. Mem'l Hosp. Bd. of Trs.*, 491 F.3d 1160, 1162 (10th Cir. 2007) (citing *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998)). If a plaintiff fails to establish either prong, his claim fails.

Here, Heard clearly established that he was deprived of a property interest when Chavez rejected his incoming mail. Heard received actual notice of the rejection from the sender, rather than from Chavez. Heard then availed himself of all levels of administrative procedure at the prison facility.

"[S]tate and federal courts have frequently decided, in cases where a plaintiff received actual notice, that the Due Process Clause was not offended, even though the defendant had failed to fulfill all technical notice requirements imposed by statute or rule." *Oneida Indian Nation of New York v. Madison Cty.*, 665 F.3d 408, 429 (2d Cir. 2011). *Oneida Indian Nation* is persuasive in this case. Chavez failed to comply with NMCD policy. A failure to adhere to state and local procedural requirements or administrative regulations does not necessarily result in a constitutional violation. *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993); *Atencio v. Bd. of Educ.*, 658 F.2d 774, 779 (10th Cir. 1981).

Despite Chavez's failure to comply with NMCD regulations, Heard did receive notice of the rejected mail and was able to engage in review proceedings or otherwise avail himself of significant process of law. Chavez's failure to notify Heard of the rejections, under this set of facts, does not rise to the level of a due process violation because Heard cannot show that he was not afforded any process of law. Quite the contrary, Heard received significant process.

Chavez's motion for summary judgment on Claims 2, 3, and 4 is granted.

## CONCLUSION

For the reasons explained above, the Third PFRD is adopted.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Third Proposed Findings and Recommended Disposition (Doc. 159) is adopted by the Court; and

2) Chavez's motion for summary judgment on Claims 2, 3, and 4 (Doc. 145) is GRANTED.

.

_____
UNITED STATES DISTRICT JUDGE