IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

      Plaintiff,

v.                                                            CV 13-1236 KG/WPL

WARDEN BRAVO, et al.,

      Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART
### HEARD'S MOTION FOR COSTS

THIS MATTER comes before the Court on Plaintiff John Heard's "Bill of Costs" (Doc. 170), which the Court construes as a motion to tax costs pursuant to Federal Rule of Civil Procedure 54. The Defendants filed a response and objections (Doc. 171) and Heard filed a reply (Doc. 174). Having reviewed the relevant documents and the parties' pleadings, the Court grants-in-part and denies-in-part Heard's motion to tax costs.

On July 19, 2016, the Court entered judgment in favor of Heard as to Count 1 against Defendant Bhakta (Doc. 164) and entered judgment against Heard as to all other Counts (Doc. 165). On August 3, 2016, Heard filed a notice of appeal. (Doc. 166.) Heard filed his motion to tax costs on August 15, 2016. (Doc. 170.) In his motion for costs, Heard requests a combined total of $751.11 of taxable costs in connection to his case. (*Id.* at 6.) Heard broke the costs down by line item. For ease of use and discussion, the Court has combined line items into the following categories: (1) filing fee - $350.00; (2) "legal copys [sic]" - $176.67; (3) "postage" - $148.97; (4) "copys [sic] of grievance" - $12.00; (5) office supplies, including stamps, envelopes, letter pads, and legal pads - $63.47. (*Id.* at 2-6.) In his reply, Heard reduced his cost

bill to $550.00 for Count 1. (Doc. 174 at 3.) Heard did not itemize which costs were related to which claim.

The Court notes at the outset that this motion was submitted after Heard had initiated the appellate process with regards to the merits of the action. "Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (quotation omitted). Motions for costs are considered collateral matters over which the district court retains jurisdiction. *See Smith v. Phillips*, 881 F.2d 902, 905 n.9 (10th Cir. 1989); *Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 606 (10th Cir. 1984) (rejecting the defendant's argument that a notice of appeal divested the district court of jurisdiction to consider a motion for costs following judgment).

Rule 54 of the Federal Rules of Civil Procedure state that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Local Rules further specify the types of taxable costs which a party may seek to recover by motion. *See* D.N.M.LR-Civ. 54.2. The Local Rules allow costs to be taxed for:

> **(a) Transcripts.** . . .
> **(b) Deposition Costs.** . . .
> **(c) Witness Costs.** . . .
> **(d) Interpreter and Translator Fees.** . . .
> **(e) Copies of Paper.**  The cost for copying an exhibit is taxable when the exhibit is requested by the Court or when the copy is admitted into evidence in place of an original.
> **(f) Maps, Charts, Models, Photographs, Summaries, Computations and Statistical Summaries.** . . .

*Id.* Additionally, 28 U.S.C. § 1920(1) authorizes taxation of costs for "fees of the clerk." Courts have considered the docketing fee—the fee charged by the court for filing a claim—to be a

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

"proper cost item." *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005); *see also Seyler v. Seyler*, 678 F.2d 29, 31 (5th Cir. 1982). This Court maintains discretion under Rule 54 regarding whether to award costs and at what amount. *Mountain Highlands, LLC v. Hendricks*, No. CIV 08-0239 JB/ACT, 2010 WL 1631856, at *12 (D.N.M. Apr. 2, 2010) (citing *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006)). There remains, however, a strong presumption that taxable costs will be awarded to the prevailing party, and a district court must identify reasons justifying any denial. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004); *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995).

Heard's request for the filing fee is proper under 28 U.S.C. § 1920(1). Accordingly, the Court will tax as costs the filing fee of $350.00.

Heard's request for costs for legal copies, postage, and office supplies is denied because the Local Rules do not contemplate awarding costs for these items. The only debatable cost item in this case would be the copies of grievances. However, Local Rule 54.2(e) is clear that the cost for copying exhibits is taxable only "when the exhibit is requested by the Court or when the copy is admitted into evidence in place of an original." Neither is the case here. The grievances were not admitted into evidence in place of an original and the Court did not request copies of the grievances from Heard. As to these items, Heard has not submitted a cost bill for costs that are taxable in the District of New Mexico.

Heard's motion to tax costs (Doc. 170) is granted-in-part and denied-in-part. Heard is awarded costs in the total amount of $350.00.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.